Spiro *v.* Paxton.

## SPIRO *v.* PAXTON.

EXEMPTION. *Partnership property.* Partnership property is not exempt in the hands of one member of the firm who is the head of a family.

### FROM KNOX.

Appeal in error from the Circuit Court of Knox county. S. A. ROGERS, J.

L. A. GRATZ for Spiro.

GEORGE WASHINGTON for Paxton.

FREEMAN, J., delivered the opinion of the court.

The facts are that a partnership existed between Herman Spiro and his brother, the former being married, the head of a family, the other not. Judgment was had on firm liability, and levied on a wagon owned by the firm and used in their business as bakers for delivery of bread to customers.

The question made in the case is, whether our statutes exempting certain property in the hands of the head of a family, including a wagon, applies in favor of the firm, one member being entitled to such exemption as head of a family as to his individual property. We hold with what is conceded to be the weight of authority, that the exemption does not apply. This is not individual property in his hands, but the property of the firm. The individual has no separate interest in it until the firm is settled up, its debts paid,.

and in this case, as it is insolvent, has none or will have none.    The policy of the statute is to exempt such property as is used by the party for the benefit of his family and their convenience, but does not include property owned by a firm and used in their business for profit.    We do not deem it necessary to go into a discussion of the reasons for and against this conclusion, or the opinion of courts of our sister States that have maintained the one view or the other. A full citation of cases and discussion will be found in Thompson on Homestead and exemptions, sec. 127, *et seq.*

The charge of his honor holding the property not exempt was correct, and the judgment is affirmed.